UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

| | |
|---|---|
| IN RE: DePUY ORTHOPAEDICS, INC. ) <br> ASR HIP IMPLANT PRODUCTS        ) <br> LIABILITY LITIGATION                    ) | MDL No. 1:10-md-2197 |

---

| | |
|---|---|
| This applies to: <br><br> <u>PEGGY COLE v. DePuy Orthopaedics, Inc. *et al.*</u> <br><br> PEGGY COLE, <br><br>     Plaintiff(s), <br><br>   -against- <br><br> DePUY ORTHOPAEDICS, INC., DePUY INC., DEPUY INTERNATIONAL LIMITED, JOHNSON & JOHNSON, JOHNSON *&* JOHNSON SERVICES, INC. JOHNSON & JOHNSON INTERNATIONAL, <br><br>     Defendants. | **SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION** <br><br><br> **JURY TRIAL DEMAND** |

### <u>ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION</u>

1. Plaintiff(s), PEGGY COLE states and brings this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled <u>IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION,</u> MDL No. 2197. Plaintiff is filing this short form complaint as

permitted by Case Management Order No.4 of this Court.

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the United States District Court of State of Michigan, Eastern District. Plaintiff states that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No 4, Plaintiff would have filed in the United States District Court Eastern District of Michigan. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

~~3.~~ Plaintiff, PEGGY COLE is a resident and citizen of Flushing, Michigan and claims damages as set forth below. ~~Plaintiff's Spouse,_____, is a resident and citizen of _____,_____ and claims damages as a result of loss of consortium.~~ *[Cross out Spousal Claim if Not Applicable]*

4. Plaintiff was born on October 18, 1955.

~~5. Plaintiff is filing this case in a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____.~~ *[Cross out if Not Applicable]* ~~A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

Plaintiff claims damages as a result of:

　__x__ injury to herself/himself

　_____ injury to the person represented

　_____ wrongful death

\_\_\_\_\_ survivorship action

\_\_x\_\_ economic loss

\_\_x\_\_ loss of services

\_\_\_\_\_ loss of consortium

## **ALLEGATIONS AS TO INJURIES**

6. Plaintiff was implanted with a DePuy ASR hip implant on ~~his~~/her left hip on or about December 2, 2008, at Hurley Medical Center, Flint, Michigan by Dr. Seann Carr.

7. ~~Plaintiff was implanted with a DePuy ASR hip implant on his/her \_\_\_\_ hip on or about _____ at _____by_____.~~ *~~[Cross out if not bilateral ASR hips]~~*

8. Subsequent to implantation, Plaintiff suffered the following personal and economic injuries as a result of the implantation with the ASR hip implant: pain and suffering, grinding of his hip joint, clicking, popping, pain, difficulty walking, instability, physical limitations, infection, and an inability to engage in her usual social and recreational activities, medical expenses, elevated cobalt and chromium levels in her blood, and permanent disability and disfigurement.

9. Plaintiff had the right ASR hip implant explanted on December 8, 2015, at Hurley Medical Center, Flint, Michigan, by Dr. Seann Carr or ~~Plaintiff will be having the ASR hip explanted on or about _____, or Plaintiff has not yet scheduled an explantation of the ASR hip implant.~~ *~~[Cross out inapplicable sections]~~*

10. ~~Plaintiff had the _____ ASR hip implant explanted on _____, at(medical center and address) by Dr. _____ or Plaintiff will be having~~

the _____ ASR hip explanted on or about _____.

11. Plaintiff(s) has suffered injuries as a result of implantation and explantation of the DePuy ASR hip implant manufactured by defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein.

12. At the time of implantation with the ASR hip implant, the Plaintiff resided at 6-2 East Main Street, Apt 6, Flushing, MI 48433.

13. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14. The plaintiff could not have known that the injuries ~~he~~/she suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and the plaintiff came to learn of the recall.

15. The plaintiff could not have known that ~~he~~/she was injured by excessive levels of chromium and cobalt until after the date ~~he~~/she had ~~his~~/her blood drawn and ~~he~~/she was advised of the results of said blood-work.

16. As a result of the injuries Plaintiff(s) sustained, she is entitled to recover compensatory damages for pain and suffering and emotional distress *(if applicable)* and for economic loss as well as punitive damages.

### ALLEGATIONS AS TO DEFENDANTS
### SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

17. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference:

      \_X\_\_FIRST CAUSE OF ACTION
           (NEGLIGENCE);

      \_\_\_ SECOND CAUSE OF ACTION

     (NEGLIGENCE PER SE);

\_\_\_ THIRD CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN)

\_\_\_ FOURTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

\_\_\_ FIFTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

\_\_\_ SIXTH CAUSE OF ACTION
(BREACH OF EXPRESS WARRANTY);

\_X\_ SEVENTH CAUSE OF ACTION
(BREACH OF WARRANTY AS TO MERCHANTABILITY)

\_X\_ EIGHTH CAUSE OF ACTION
(BREACH OF IMPLIED WARRANTIES);

\_X\_ NINTH CAUSE OF ACTION (FRAUDULENT MISREPRESENTATION);

\_x\_ TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

\_x\_ ELEVENTH CAUSE OF ACTION
(NEGLIGENT MISREPRESENTATION);

\_\_\_ TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT);

\_\_\_ THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

\_\_\_ FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

\_\_\_ FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

\_\_\_ SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;

\_\_\_ SEVENTEENTH CAUSE OF ACTION

      (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

\_\_\_  EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

\_\_\_  NINETEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

\_\_\_  TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES)

\_\_\_  TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING)

\_\_\_  TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE) — **SPECIFY THE STATUTE ALLEGED** _____

\_\_\_  TWENTY-THIRD CAUSE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) PEGGY COLE pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff, PEGGY COLE, hereby demands a trial by jury as to all claims in this action.

Dated: September 26, 2016

Respectfully submitted,

s/ Robert B. Sickels (P29086)
Jason Thompson (P47184)
Attorneys for Plaintiffs
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
rsickels@sommerspc.com
jthompson@sommerspc.com